**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| SYDNEY BROXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO.: 5:21-cv-00035-MTT |
| WESLEYAN COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**DEFENDANT WESLEYAN COLLEGE'S ANSWER AND DEFENSES OF
TO PLAINTIFF SYDNEY BROXTON'S AMENDED COMPLAINT**</u>

COMES NOW Wesleyan College ("Wesleyan"), defendant in the above-styled civil action, and submits its answer and defenses to plaintiff Sydney Broxton's ("plaintiff") amended complaint, showing the Court as follows:

**<u>FIRST DEFENSE</u>**

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

Plaintiff's claims are barred, in whole or in part, by her unclean hands.

**<u>THIR DEFENSE</u>**

Wesleyan has not acted illegally, wrongfully, or unfairly.

**<u>FOURTH DEFENSE</u>**

Wesleyan has acted in good faith.

## FIFTH DEFENSE

Plaintiff's defamation/libel/invasion of privacy claims are barred because any statements made by Wesleyan did not damage plaintiff in any way.

## SIXTH DEFENSE

Plaintiff's defamation/libel/invasion of privacy claims are barred because none of Wesleyan's statements were defamatory.

## SEVENTH DEFENSE

Plaintiff's defamation/libel/invasion of privacy claims are barred because all of Wesleyan's statements were truthful.

## EIGHTH DEFENSE

Plaintiff's defamation/libel/invasion of privacy claims are barred because none of Wesleyan's statements were made with malice.

## NINTH DEFENSE

At all times, Wesleyan's actions with regard to plaintiff have been in conformance with all applicable laws, rules, and regulations, and plaintiff's rights have not been otherwise violated. Wesleyan fulfilled all obligations owed to Plaintiff under applicable law.

## TENTH DEFENSE

No act or omission of Wesleyan either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against Wesleyan.

## ELEVENTH DEFENSE

Plaintiff's expulsion and subsequent reinstatement were wholly unrelated to her race or other characteristic protected by law.

## TWELFTH DEFENSE

Any actions taken by Wesleyan affecting plaintiff and/or the terms or conditions of her education were done for legitimate, non-discriminatory reasons and, as such, did not violate any legal right possessed by plaintiff. Additionally, and/or alternatively, even if plaintiff was able to demonstrate that discrimination played a motivating part in any such action, which it did not, defendant avers that the same action would have been taken for legitimate, non- discriminatory reasons.

## THIRTEENTH DEFENSE

Wesleyan never, either intentionally or willfully, violated plaintiff's rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiff or any aspect of her enrollment. At no time did Wesleyan act with any intent to injure or otherwise cause harm to plaintiff.

## FOURTEENTH DEFENSE

Plaintiffs complaint fails to state a claim for punitive, actual, special, exemplary, liquidated, and/or compensatory damages.

## FIFTEENTH DEFENSE

Any damages that plaintiff suffered were the direct and proximate result of her own actions or inactions.

## SIXTEENTH DEFENSE

Plaintiff's damages are capped by applicable federal and/or state law.

## SEVENTEENTH DEFENSE

All or part of plaintiff's complaint is barred by the doctrines of consent, waiver, laches, estoppel, license, justification, avoidable consequences, and/or unclean hands.

## EIGHTEENTH DEFENSE

Plaintiff's complaint fails to state a claim for punitive, actual, special and/or compensatory damages against these defendants.

## NINETEENTH DEFENSE

The imposition of punitive damages against Wesleyan would violate its rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## TWENTIETH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to the defendant in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against the defendant in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than

the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

### TWENTY-FIRST DEFENSE

Plaintiff claim for punitive damages is barred by Georgia law.   Alternatively, plaintiff is not entitled to punitive damages, but any punitive damages awarded are limited to a maximum of $250,000.

### TWENTY-SECOND DEFENSE

Plaintiff's failure to receive leave to proceed anonymously divests this Court of jurisdiction over plaintiff, an unnamed party.

### TWENTY-THIRD DEFENSE

Wesleyan reserves the opportunity to raise more affirmative defenses as they become apparent through discovery and do not waive any possible affirmative defense.

### TWENTY-FOURTH DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, Wesleyan answers as follows:

### RESPONSE TO ALLEGATIONS REGARDING THE PARTIES

1.

Wesleyan admits the allegations contained in paragraph 1 of plaintiff's complaint.

2.

Wesleyan admits the allegations contained in paragraph 2 of plaintiff's complaint.

3.

Wesleyan admits the allegations contained in paragraph 3 of plaintiff's complaint.

4.

Wesleyan admits the allegations contained in paragraph 4 of plaintiff's complaint.

## RESPONSE TO ALLEGATIONS REGARDING JURISDICTION

5.

Wesleyan admits that this Court generally has subject matter jurisdiction over federal civil rights claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1981.

6.

Wesleyan admits that the Court generally has the discretion to exercise supplemental jurisdiction over pendent state law claims pursuant to 28 U.S.C. § 1367.

## RESPONSE TO ALLEGATIONS REGARDING VENUE

7.

Wesleyan admits the allegations contained in paragraph 7 of plaintiff's complaint.

8.

Wesleyan admits the allegations contained in paragraph 8 of plaintiff's complaint.

## RESPONSE TO ALEGED FACTS

9.

Wesleyan admits the allegations contained in paragraph 9 of plaintiff's complaint.

10.

Wesleyan admits the allegations contained in paragraph 10 of plaintiff's complaint.

11.

Wesleyan denies the allegations as phrased in paragraph 11 of plaintiff's complaint.

12.

Wesleyan generally admits the allegations contained in paragraph 12 of plaintiff's complaint, but states the allegations contained therein have nothing to do with the facts underlying plaintiff's claims.

13.

Wesleyan generally admits the allegations contained in paragraph 13 of plaintiff's complaint, but states the allegations contained therein have nothing to do with the facts underlying plaintiff's claims.

14.

Wesleyan generally admits the allegations contained in paragraph 14 of plaintiff's complaint, but states the allegations contained therein have nothing to do with the facts underlying plaintiff's claims.

15.

Wesleyan denies the allegations as phrased in paragraph 15 of plaintiff's complaint, but states the allegations contained therein have nothing to do with the facts underlying plaintiff's claims.

16.

Wesleyan generally admits the allegations contained in paragraph 16 of plaintiff's complaint, but states the allegations contained therein have nothing to do with the facts underlying plaintiff's claims.

17.

Wesleyan denies the allegations as phrased in paragraph 17 of plaintiff's complaint.

18.

Wesleyan generally admits the allegations contained in paragraph 18 of plaintiff's complaint, but states the allegations contained therein have nothing to do with the facts underlying plaintiff's claims.

19.

Wesleyan generally admits the allegations contained in paragraph 19 of plaintiff's complaint, but states the allegations contained therein have nothing to do with the facts underlying plaintiff's claims.

20.

Wesleyan can neither admit nor deny the facts as alleged in paragraph 20 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiffs on strict proof of same.

21.

Wesleyan can neither admit nor deny the facts as alleged in paragraph 21 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiffs on strict proof of same.

22.

Wesleyan asserts the social media posting referenced in paragraph 22 of plaintiff's complaint speaks for itself.

23.

Wesleyan can neither admit nor deny the facts as alleged in paragraph 23 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiffs on strict proof of same.

24.

Wesleyan can neither admit nor deny the facts as alleged in paragraph 24 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiffs on strict proof of same.

25.

Wesleyan can neither admit nor deny the facts as alleged in paragraph 25 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiffs on strict proof of same.

26.

Wesleyan can neither admit nor deny the facts as alleged in paragraph 26 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiffs on strict proof of same.

27.

Wesleyan can neither admit nor deny the facts as alleged in paragraph 27 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiffs on strict proof of same.

28.

Wesleyan can neither admit nor deny the facts as alleged in paragraph 28 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiffs on strict proof of same.

29.

Wesleyan can neither admit nor deny the facts as alleged in paragraph 29 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiffs on strict proof of same.

30.

Wesleyan can neither admit nor deny the facts as alleged in paragraph 30 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiffs on strict proof of same.

31.

Wesleyan generally admits that it was notified of plaintiff's problematic social media postings on or about June 2020.

32.

Wesleyan can neither admit nor deny the allegations contained in paragraph 32 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

33.

Wesleyan can neither admit nor deny the allegations contained in paragraph 33 and footnote 1 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

34.

Wesleyan can neither admit nor deny the allegations contained in paragraph 34, all subparts thereto, and footnotes 2, 3, and 4 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

35.

Wesleyan can neither admit nor deny the allegations contained in paragraph 35 and all subparts thereto of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

36.

Wesleyan can neither admit nor deny the allegations contained in paragraph 36, all subparts thereto, and footnote 5 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

37.

Wesleyan generally admits the allegations contained in paragraph 37 of plaintiff's complaint.

38.

Wesleyan asserts the social media posting referenced in paragraph 38 of plaintiff's complaint speaks for itself.

39.

Wesleyan generally admits the allegations contained in paragraph 39 of plaintiff's complaint.

40.

Wesleyan asserts the social media posting referenced in paragraph 40 of plaintiff's complaint speaks for itself.

41.

Wesleyan generally admits the allegations contained in paragraph 41 of plaintiff's complaint. Responding further, Wesleyan admits Dean Henry referred to several of plaintiff's problematic social media postings, but it can neither admit nor deny the remaining allegations contained in footnote 6 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same

42.

Wesleyan denies the allegations contained in paragraph 42 of plaintiff's complaint as phrased.

43.

Wesleyan admits some of plaintiff's problematic social media postings were made before she was a student at Wesleyan, but denies the remaining allegations contained in paragraph 43 of plaintiff's complaint.

44.

The allegations contained in paragraph 44 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, Wesleyan generally admits it had a contractual relationship with plaintiff while she was a student at Wesleyan.

45.

Wesleyan admits the allegations contained in paragraph 45 of plaintiff's complaint.

46.

The allegations contained in paragraph 46 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, Wesleyan generally admits plaintiff was expected to conduct herself in accordance with the expected conduct outlined in the *Wesleyanne*.

47.

The allegations contained in paragraph 47 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, Wesleyan asserts that the *Wesleyanne* speaks for itself.

48.

The allegations contained in paragraph 48 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, Wesleyan asserts that the *Wesleyanne* speaks for itself.

49.

Wesleyan admits that plaintiff was initially expelled for violating the "Freedom of Expression Policy" and the "Social Media Policy." The remaining allegations contained in paragraph 49 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Wesleyan asserts that the *Wesleyanne* speaks for itself.

50.

The allegations contained in paragraph 50 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Wesleyan asserts that the *Wesleyanne* speaks for itself.

51.

The allegations contained in paragraph 51 and all subparts thereto of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Wesleyan denies that it did not comply with the procedures for expulsion, and further asserts that the *Wesleyanne* speaks for itself.

52.

The allegations contained in paragraph 52 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Wesleyan asserts that the *Wesleyanne* and Dean Henry's letter speaks for themselves.

53.

Wesleyan admits the allegations contained in paragraph 53 of plaintiff's complaint.

54.

Wesleyan admits the allegations contained in paragraph 54 of plaintiff's complaint.

55.

Wesleyan denies the allegations contained in paragraph 55 of plaintiff's complaint.

56.

Wesleyan admits the allegations contained in paragraph 56 of plaintiff's complaint.

57.

Wesleyan admits the allegations contained in paragraph 57 of plaintiff's complaint.

58.

The allegations contained in paragraph 58 of plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Wesleyan denies the allegations contained in paragraph 58 and all subparts thereto.

59.

Wesleyan denies the allegations contained in paragraph 59 of plaintiff's complaint.

## RESPONSE TO ALLEGED CAUSES OF ACTION
## A. ALLEGED BREACH OF CONTRACT

60.

Wesleyan re-alleges and incorporates its responses and defenses to paragraphs 1 through 59 as fully restated herein.

61.

Wesleyan denies the allegations contained in paragraph 61 of plaintiff's complaint.

62.

Wesleyan denies the allegations contained in paragraph 62 of plaintiff's complaint.

63.

Wesleyan denies the allegations contained in paragraph 63 of plaintiff's complaint.

64.

Wesleyan denies the allegations contained in paragraph 64 of plaintiff's complaint.

65.

Wesleyan denies the allegations contained in paragraph 65 of plaintiff's complaint, and further denies that plaintiff is entitled to any relief requested.

66.

Wesleyan denies the allegations contained in paragraph 66 of plaintiff's complaint.

67.

Wesleyan denies the allegations contained in paragraph 67 of plaintiff's complaint, and further denies that plaintiff is entitled to any relief requested.

## B. ALLEGED VIOLATIONS OF 42 U.S.C. § 1981

68.

Wesleyan re-alleges and incorporates its responses and defenses to paragraphs 1 through 67 as fully restated herein.

69.

Wesleyan denies the allegations contained in paragraph 69 of plaintiff's complaint.

70.

Wesleyan denies the allegations contained in paragraph 70 of plaintiff's complaint.

71.

Wesleyan denies the allegations contained in paragraph 71 of plaintiff's complaint.

72.

Wesleyan denies the allegations contained in paragraph 72 of plaintiff's complaint.

73.

Wesleyan denies the allegations contained in paragraph 73 of plaintiff's complaint.

74.

Wesleyan denies the allegations contained in paragraph 74 of plaintiff's complaint.

75.

Wesleyan denies the allegations contained in paragraph 75 of plaintiff's complaint.

76.

Wesleyan denies the allegations contained in paragraph 76 of plaintiff's complaint.

77.

Wesleyan denies the allegations contained in paragraph 77 of plaintiff's complaint.

78.

Wesleyan denies the allegations contained in paragraph 78 of plaintiff's complaint.

79.

Wesleyan denies the allegations contained in paragraph 79 of plaintiff's complaint.

80.

Wesleyan denies the allegations contained in paragraph 80 of plaintiff's complaint.

81.

Wesleyan denies the allegations contained in paragraph 81 of plaintiff's complaint.

82.

Wesleyan denies the allegations contained in paragraph 82 of plaintiff's complaint.

83.

Wesleyan denies the allegations contained in paragraph 83 of plaintiff's complaint.

84.

Wesleyan denies the allegations contained in paragraph 84 of plaintiff's complaint.

85.

Wesleyan denies the allegations contained in paragraph 85 of plaintiff's complaint.

86.

Wesleyan denies the allegations contained in paragraph 86 of plaintiff's complaint, and further denies that plaintiff is entitled to the relief requested.

87.

Wesleyan denies the allegations contained in paragraph 87 of plaintiff's complaint.

88.

Wesleyan denies the allegations contained in paragraph 88 of plaintiff's complaint, and further denies that plaintiff is entitled to the relief requested.

## C. ALLEGED ATTORNEY'S FEES UNDER 42 U.S.C. § 1988

89.

Wesleyan re-alleges and incorporates its responses and defenses to paragraphs 1 through 88 as fully restated herein.

90.

The allegations contained in paragraph 90 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Wesleyan denies the allegations contained in paragraph 90 of plaintiff's complaint.

91.

Wesleyan denies the allegations contained in paragraph 91 of plaintiff's complaint, and further denies plaintiff is entitled to the relief requested.

## **D. ALLEGED LIBEL**

92.

Wesleyan re-alleges and incorporates its responses and defenses to paragraphs 1 through 91 as fully restated herein.

93.

Wesleyan asserts the social media posting referenced in paragraph 93 of plaintiff's complaint speaks for itself.

94.

Wesleyan denies the allegations contained in paragraph 94 of plaintiff's complaint.

95.

Wesleyan denies the allegations contained in paragraph 95 of plaintiff's complaint.

96.

Wesleyan denies the allegations contained in paragraph 96 of plaintiff's complaint.

97.

Wesleyan denies the allegations contained in paragraph 97 of plaintiff's complaint, and further denies plaintiff is entitled to special damages.

98.

Wesleyan denies the allegations contained in paragraph 98 of plaintiff's complaint.

99.

Wesleyan denies the allegations contained in paragraph 99 of plaintiff's complaint, and further denies plaintiff is entitled to the relief requested.

100.

Wesleyan denies the allegations contained in paragraph 100 of plaintiff's complaint.

101.

Wesleyan denies the allegations contained in paragraph 101 of plaintiff's complaint, and further denies plaintiff is entitled to the relief requested.

102.

Wesleyan generally admits plaintiff requested for the original social media posting to be retracted as alleged in paragraph 102 of plaintiff's complaint.

103.

Wesleyan asserts the social media posting referenced in paragraph 103 and footnote 7 of plaintiff's complaint speaks for itself.

104.

Wesleyan denies the allegations contained in paragraph 104 of plaintiff's complaint.

105.

Wesleyan asserts the social media posting referenced in paragraph 105 of plaintiff's complaint speaks for itself.

106.

Wesleyan denies the allegations contained in paragraph 106 of plaintiff's complaint, and further asserts the social media posting referenced in paragraph 106 of plaintiff's complaint speaks for itself.

107.

Wesleyan denies the allegations contained in paragraph 107 of plaintiff's complaint, and further asserts the social media posting referenced in paragraph 107 of plaintiff's complaint speaks for itself.

108.

Wesleyan denies the allegations contained in paragraph 108 of plaintiff's complaint or that plaintiff is entitled to special damages, and further asserts the social media posting referenced in paragraph 108 of plaintiff's complaint speaks for itself.

109.

Wesleyan denies the allegations contained in paragraph 109 of plaintiff's complaint.

110.

Wesleyan denies the allegations contained in paragraph 110 of plaintiff's complaint, and further denies that plaintiff is entitled to any relief requested.

111.

Wesleyan denies the allegations contained in paragraph 111 of plaintiff's complaint, and further asserts the social media posting referenced in paragraph 111 of plaintiff's complaint speaks for itself.

112.

Wesleyan denies the allegations contained in paragraph 112 of plaintiff's complaint, including that plaintiff is entitled to the relief requested, and further asserts the social media posting referenced in paragraph 112 of plaintiff's complaint speaks for itself.

113.

Wesleyan admits the allegations contained in paragraph 113 of plaintiff's complaint.

114.

Wesleyan admits it did not retract its July 28, 2020 statement in the manner in which plaintiff demanded as alleged in paragraph 114 of plaintiff's complaint.

115.

Wesleyan asserts the social media posting referenced in paragraph 115 and footnotes 8 and 9 of plaintiff's complaint speaks for itself.

116.

Wesleyan denies the allegations contained in paragraph 116 of plaintiff's complaint, and further assert that the social media posting referenced in paragraph 116 speaks for itself.

117.

Wesleyan asserts the social media posting referenced in paragraph 117 of plaintiff's complaint speaks for itself.

118.

Wesleyan denies the allegations contained in paragraph 118 of plaintiff's complaint.

119.

Wesleyan denies the allegations contained in paragraph 119 of plaintiff's complaint.

120.

Wesleyan denies the allegations contained in paragraph 120 of plaintiff's complaint or that plaintiff is entitled to special damages, and further asserts the social media posting referenced in paragraph 120 of plaintiff's complaint speaks for itself.

121.

Wesleyan denies the allegations contained in paragraph 121 of plaintiff's complaint.

122.

Wesleyan denies the allegations contained in paragraph 122 of plaintiff's complaint, and further denies plaintiff is entitled to the relief requested.

123.

Wesleyan denies the allegations contained in paragraph 123 of plaintiff's complaint.

124.

Wesleyan denies the allegations contained in paragraph 124 of plaintiff's complaint, and further denies plaintiff is entitled to the relief requested.

125.

Wesleyan generally admits plaintiff requested for the social media posting to be retracted as alleged in paragraph 125 of plaintiff's complaint.

126.

Wesleyan admits it did not retract its July 29, 2020 statement in the manner in which plaintiff demanded as alleged in paragraph 126 of plaintiff's complaint.

## E. ALLEGED INVASION OF PRIVACY – FALSE LIGHT

127.

Wesleyan re-alleges and incorporates its responses and defenses to paragraphs 1 through 126 as fully restated herein.

128.

Wesleyan denies that plaintiff has been placed in false light, and further assert the social media postings referenced in paragraph 128 and all subparts thereto of plaintiff's complaint speak for themselves.

129.

Wesleyan denies the allegations contained in paragraph 129 of plaintiff's complaint, and further assert the social media postings referenced in paragraph 129 and all subparts thereto of plaintiff's complaint speak for themselves.

130.

Wesleyan denies the allegations contained in paragraph 130 of plaintiff's complaint.

131.

Wesleyan denies the allegations contained in paragraph 131 of plaintiff's complaint, and further denies that plaintiff is entitled to any relief requested.

132.

Wesleyan denies the allegations contained in paragraph 132 of plaintiff's complaint.

133.

Wesleyan denies the allegations contained in paragraph 133 of plaintiff's complaint, and further denies that plaintiff is entitled to any relief requested.

## F. ALLEGED INVASION OF PRIVACY –

## DISCLOSURE OF PRIVATE FACTS

### 134.

Wesleyan re-alleges and incorporates its responses and defenses to paragraphs 1 through 133 as fully restated herein.

### 135.

The allegations contained in paragraph 135 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, Wesleyan denies the allegations contained in paragraph 135 of plaintiff's complaint.

### 136.

Wesleyan asserts the social media posting referenced in paragraph 136 of plaintiff's complaint speaks for itself.

### 137.

Wesleyan asserts the social media posting referenced in paragraph 137 of plaintiff's complaint speaks for itself.

### 138.

Wesleyan asserts the social media posting referenced in paragraph 138 of plaintiff's complaint speaks for itself.

139.

Wesleyan denies the allegations contained in paragraph 139 of plaintiff's complaint, and further assert the social media postings referenced in paragraph 139 of plaintiff's complaint speak for themselves.

140.

Wesleyan denies the allegations contained in paragraph 140 of plaintiff's complaint.

141.

Wesleyan denies the allegations contained in paragraph 141 of plaintiff's complaint.

142.

The allegations contained in paragraph 142 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, Wesleyan denies the allegations contained in paragraph 142 of plaintiff's complaint.

143.

Wesleyan denies the allegations contained in paragraph 143 of plaintiff's complaint.

144.

Wesleyan denies the allegations contained in paragraph 144 of plaintiff's complaint, and further denies that plaintiff is entitled to any relief requested.

145.

Wesleyan denies the allegations contained in paragraph 145 of plaintiff's complaint.

146.

Wesleyan denies the allegations contained in paragraph 146 of plaintiff's complaint, and further denies that plaintiff is entitled to any relief requested.

## ALLEGED EXPENSES OF LITIGATION

147.

Wesleyan re-alleges and incorporates its responses and defenses to paragraphs 1 through 146 as fully restated herein.

148.

Wesleyan denies the allegations contained in paragraph 148 of plaintiff's complaint.

149.

Wesleyan denies the allegations contained in paragraph 149 of plaintiff's complaint.

150.

Wesleyan denies the allegations contained in paragraph 150 of plaintiff's complaint.

151.

Wesleyan denies the allegations contained in paragraph 151 of plaintiff's complaint, and further denies that plaintiff is entitled to any relief requested.

## **ANSWER TO DEMAND FOR JURY TRIAL**

The unnumbered paragraph following paragraph 151 of plaintiff's complaint contains a jury demand to which no response is required.

## **ANSWER TO PRAYER FOR RELIEF**

152.

Responding to the allegations contained in the unnumbered paragraph following plaintiff's jury demand beginning **WHEREFORE** and constituting plaintiff's prayer for relief, Wesleyan denies all such allegations and specifically denies that plaintiff is entitled to any of the relief requested from any defendant in form, type, or amount, under any theory at law or in equity.

153.

Except as expressly admitted, denied, or otherwise responded to, Wesleyan denies all allegations, subparts, and footnotes as contained in plaintiff's complaint.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, Wesleyan prays as follows:

(a)     That judgment be entered in favor of Wesleyan and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney fees, be cast against

plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and

proper.

This the 17th day of June, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Taryn C. Haumann
Georgia Bar No. 957016
thaumann@fmglaw.com
*Attorneys for Wesleyan College*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

***WESLEYAN COLLEGE DEMANDS A TRIAL BY A JURY***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing *DEFENDANT WESLEYAN COLLEGE'S ANSWER AND DEFENSES OF TO PLAINTIFF SYDNEY BROXTON'S AMENDED COMPLAINT* to the Clerk of Court using the CM-ECF system which will automatically send electronic mail notification of such filing and service to the following counsel of record:

Jerry Lumley, Esq.
Lumley & Harper, LLC
3405 Ridge Avenue
Macon, Georgia 31204
jlumley@lumleyandharper.com

This the 17th day of June, 2021.

FREEMAN MATHIS & GARY, LLP

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Taryn C. Haumann
Georgia Bar No. 957016
thaumann@fmglaw.com
*Attorneys for Wesleyan College*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
17690461